IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BOBBIE LEE BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | No. 3:06-MC-5014 |
| | ) | (GUYTON) |
| JESS D. CAMPBELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND REPORT AND RECOMMENDATION

This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this court for consideration of plaintiff's Application To Proceed *In Forma Pauperis*. The undersigned files this Report and Recommendation for the District Judge to whom the case is assigned.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. Adkins v. W.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S.Ct. 85 (1948); Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). The statute therefore allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. Denton v. Hernandez, 504 U.S. 25, 27, 112 S.Ct. 1728 (1992).

The court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. See Gibson v. R.G. Smith Co., 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. § 1915(a). However, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. Adkins, supra. An affidavit to proceed *in forma pauperis* is sufficient if it states that the

petitioner cannot because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. Id. at 339, 69 S.Ct. at 89. The decision to grant or deny such an application lies within the second discretion of the court. Phipps v. King, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the petitioner's Application to Proceed Without Prepayment of Fees and petitioner's economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding. The Application to Proceed Without Prepayment of Fees, therefore, is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. Gibson v. R.G. Smith Co., 915 F.2d 262-63 (6th Cir. 1990); see Harris v. Johnson, 784 F.2d 222 (6th Cir. 1986). The Clerk shall not issue process, however, at this time.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. See also Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).[1]

Plaintiff has filed a form "Complaint." The handwritten claims or allegations therein are virtually impossible to understand or comprehend and are devoid of any grounds, facts or allegations. It is impossible for the undersigned to determine what is being contended or the facts upon which any "claim" is made or the nature of any "claim" being made. The plaintiff seeks relief by stating: "for violation rights under 1-4-5-6-8-14 on 1-27-2006. I am asking for 7000.00 from eatch one of them. For violation rights under 1-14-5-6-8-14."

It does not appear that plaintiff's Complaint states any legally cognizable claim

---

[1] Plaintiff herein is apparently not a prisoner. However, 28 U.S.C. § 1915, despite its references to prisoners, is not limited to prisoner suits. United States v. Floyd, 105 F.3d 274, 36 Fed. R.. Serv. 3d 1330 (6th Cir. 1997) and Powell v. Hoover, 956 F. Supp. 564 (MD PA) (1997).

2

under the Constitution or under 42 U.S.C. § 1983 or any other federal statute. The plaintiff does not appear to state any violation of any federal rights or violation of any constitutional rights. Certainly, none can be deciphered from the pleadings by the undersigned.

Accordingly, it is **RECOMMENDED** that the Complaint be **DISMISSED** under 28 U.S.C. § 1915(e) as frivolous, for failure to state a federal claim upon which relief can be granted, but without prejudice to the plaintiff's rights to re-file here or to file claims in State Court. This Complaint lacks any arguable basis for a recovery in Federal Court. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. at 1831 (1989).

This matter is to be presented to a District Judge pursuant to this Report and Recommendation under the authority of Gibson v. R.G. Smith Co., 195 F.2d at 263, wherein the court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*[2].

Respectfully submitted,

    s/ H. Bruce Guyton
United States Magistrate Judge

---

[2]Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see also Thomas v. Arn, 474 U.S. 140 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).